UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CARLOS DAVIS,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, JEFFREY I. GINSBERG, LONNIE W. OWENS, ROBERT WILLIAMS, JOHN/JANE DOES NOS. 1 THROUGH 10, being unknown current or former employees of the New York City Police Department, and JOHN/JANE DOES NOS. 11 THROUGH 20, being unknown current or former employees of the Kings County District Attorney's Office,

                                         Defendant.

------------------------------------------------------------------------x

**STIPULATION AND ORDER OF DISMISSAL**

16 CV 3685 (AMB)(LB)

        **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

        1.     The above-referenced action is hereby dismissed with prejudice; and

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated:  New York, New York
        September 29, 2017

DAVID B. SHANIES LAW OFFICE
*Attorneys for Plaintiff*
411 Lafayette Street, Sixth Floor
New York, NY 10003

By: _____
    David B. Shanies
    *Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
    Philip R. DePaul
    *Senior Counsel*

SO ORDERED:

_____
HON. ANN M DONNELLY
UNITED STATES DISTRICT JUDGE

Dated: _____, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

CARLOS DAVIS,

                                 Plaintiff,

                  -against-

THE CITY OF NEW YORK, JEFFREY I. GINSBERG,
LONNIE W. OWENS, ROBERT WILLIAMS, JOHN/JANE
DOES NOS. 1 THROUGH 10, being unknown current or
former employees of the New York City Police Department,
and JOHN/JANE DOES NOS. 11 THROUGH 20, being
unknown current or former employees of the Kings County
District Attorney's Office,

                                 Defendant.

----------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

16 CV 3685 (AMB)(LB)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 1, 2016, alleging that the defendants City of New York, Jeffrey I. Ginsberg, and Lonnie W. Owens ("City defendants") violated plaintiff's federal civil and state common law rights, and seeking civil damages for his allegedly wrongful conviction and incarceration;[1] and

        **WHEREAS,** by Orders dated May 25, 2017 and July 7, 2017, all of plaintiff's federal and state law claims against defendants Jeffrey I. Ginsberg and Lonnie W. Owens were dismissed on the basis of absolute immunity; and

        **WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff's allegations; and

---

[1] Plaintiff also names "Robert Williams" as a defendant. Upon information and belief, Mr. Williams has never been employee of the Kings County District Attorney's Office ("KCDA"), or the New York City Police Department ("NYPD"). Furthermore, Mr. Williams is not represented by the Corporation Counsel in this matter. On or about December 14, 2016, the Clerk of Court noted the default of Mr. Williams pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (See ECF No. 27.)

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Carlos Davis the sum of **SEVEN-HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00)** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release defendant City; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, allegedly wrongful conviction and incarceration, and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must

obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendant reserves the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       October 4, 2017

DAVID B. SHANIES LAW OFFICE  
*Attorneys for Plaintiff*  
411 Lafayette Street, Sixth Floor  
New York, NY 10003

By: /s/ David B. Shanies  
David B. Shanies  
*Attorney for Plaintiff*

ZACHARY W. CARTER  
Corporation Counsel of the  
  City of New York  
*Attorney for Defendant City of New York*  
100 Church Street, 3rd Floor  
New York, New York 10007

By: /s/ Philip R. DePaul  
Philip R. DePaul  
*Senior Counsel*

4